IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TRAVIS RANDALL REVES[1]                                                                   PETITIONER

v.                              Case No. 4:16-cv-4020

WENDY KELLY, Director,                                            RESPONDENT
Arkansas Department of Correction

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, TRAVIS RANDALL REVES ("Reves"), an inmate confined in the Ouachita River Correctional Unit of the Arkansas Department of Correction, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (1996). The petition was referred to the undersigned for findings of fact, conclusions of law and recommendations for the disposition of the case.

**A. Procedural Background**[2]:

On May 14, 2015, Reves was sentenced to 36 months imprisonment, in the Sevier County Circuit Court, after pleading guilty to failure to comply with Arkansas's sex-offender registration statute. Reves did not file a direct appeal. Further, he did not file any state post conviction petition.

**B. Current Petition**:

On March 3, 2016, Reves filed the instant Petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 in this Court. In his Petition Reves claims he was entrapped by "law enforcement withholding information" which led to his arrest. Specifically, he claims on April 20, 2015, he was

---

[1] The docket in this matter reflects Petitioner's last name is "Reeves" the Clerk is directed to correct this spelling to "Reves" as indicated on the original Petition (ECF No. 1).

[2] The procedural background and is taken from the Petition, Response to Petition, all attached exhibits and the Court's docket.

given permission to go on a fishing trip, presumably by his parole officer. ECF No. 1, p. 6. He states his landlord also filed a notice of trespass evicting him from his residence on that same day. He claims neither his parole officer nor a sheriff's deputy, who had his cell phone number, informed him of the eviction. Upon his return from the fishing trip on May 1, he discovered the eviction notice. Thereafter, he reported a new address to his parole officer on May 5, 2015, and was subsequently arrested for failure to register or comply with the sex-offender registration statute. He claims May 2nd and 3rd were on the weekend and that he reported his change of address within three business days. Reves claims this lack of informing him of the eviction was entrapment which led to his guilty plea and 36 month sentence.

The Respondent asserts first that Reves's claim of entrapment is not cognizable in a federal *habeas* action. Respondent also asserts Reves waived any defense of entrapment when he entered a guilty plea. Further, the Respondent claims Reves is procedurally barred in that he failed to exhaust his state court remedies prior to filing the instant petition. For the reasons discussed below I find the Petition should be **DENIED**.

C. **Discussion**:

    1. **Entrapment**: Reves's entire claim for relief in this matter is that he was entrapped by state law enforcement officials. A federal court may only consider a claim for *habeas corpus* relief if such claim is based on a violation of "the Constitution or laws or treaties of the United States."[3]

---

[3] Section 2254(a) states:
The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

The United States Supreme Court has discussed this issue in *United States v. Russell*, 411 U.S. 423, 428-39 (1973). In *Russell*, the Supreme Court declined to adopt a blanket constitutional rule that entrapment was based on a violation of a constitutional right. *See id* at 430. Further, the Eighth Circuit Court of Appeals has held explicitly "[T]he entrapment defense is not of constitutional origin. Rather, it is a defense which focuses on the intent or predisposition of the defendant to commit the crime." *United States v. York*, 830 F.2d 885, 890 (8th Cir. 1987) (internal citations omitted).

While there may be limited circumstances where extremely outrageous government conduct (including instances which would also amount to entrapment) may amount to a due process violation, these circumstances are very narrow. *See United States v. Lacey*, 86 F.3d 956, 963–64 (10th Cir.1996). Most of the United States Courts of Appeal which have addressed the issues of entrapment as basis for Federal *habeas corpus* relief have reached the conclusion such claims are not cognizable in a § 2254 petition. *See e.g. Sosa v. Jones*, 389 F.3d 644 (6th Cir. 2004); *Vega v. Suthers*, 195 F.3d 573, 583 (10th Cir. 1999) ("we conclude that Colorado can, consistent with due process, choose not to make the affirmative defense of entrapment available to a charge of importation of cocaine"); *Ainsworth v. Reed*, 542 F.2d 243, 244–45 (5th Cir.1976) (holding that because entrapment is not a constitutional doctrine, "a writ of *habeas corpus* could not issue" on petitioner's claim that the jury's verdict of no entrapment was against the great weight of evidence); *Johns v. McFadden*, 1994 WL 192391, at *3 (9th Cir. May 13, 1994) ("[P]etitioner's entrapment argument may be grounds for granting his *habeas* petition only if the government's conduct was so outrageous that permitting it to even attempt to convict petitioner would deprive him of his right to due process."); *Heath v. Neal*, 1990 WL 107872, at *3 (7th Cir. July 30, 1990) ("Even if the trial

judge should have given a straight instruction on entrapment rather than the compromise instruction that he actually gave, that would constitute an error in state procedure only.").

Reves's claim of entrapment is based on the fact law enforcement officers did not tell him he had been evicted from his residence. This is far from the level of outrageous conduct necessary to amount to a denial of his due process rights. Accordingly, Reves's claim of "entrapment" is not a claim based on either the U.S. Constitution or laws of the United States and is thus not cognizable in a federal *habeas corpus* proceeding.[4] Reves's Petition should be denied on this basis.[5]

**2. Procedural Default**: Respondent also raises the defense of procedural default to this Petition. "Before a federal court may grant *habeas* relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a *habeas* petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This rule applies even in the case of discretionary review by the highest state court. *See id.* Further, § 2254 (b)(1) itself provides the following:

> An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or

---

[4] Entrapment in Arkansas is a statutory affirmative defense to a criminal charge. *See* ARK.CODE ANN. § 5-2-209.

[5] While not necessary to the decision in this case, I note Reves pled guilty in the underlying criminal case and thus waived any constitutional claim or state law defense, including entrapment, to the charge of failure to comply with the sex–offender registration statutes. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973)(following a guilty plea a defendant "may not thereafter raise independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

>   (B)(i) there is an absence of available State corrective process; or
>
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

This rule requires state prisoners seeking federal *habeas corpus* relief to give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellat e review process.. *See O'Sullivan*, 526 U.S. at 845.

In this case Reves entered a plea of guilty to a charge of failing to register as a sex offender on May 14, 2015. ECF No. 8-3, p. 4. He was advised by the state judge that his guilty plea waived his right to a direct appeal. *See id.* Reves waived his right to a direct appeal under Arkansas law by entering a plea of guilty. *See* ARK. R. APP. P. 1(a). He filed no direct appeal.

Likewise, Reves could have filed a post conviction proceeding in Arkansas state court alleging the exact claim he has made here. Rule 37 of the Arkansas Rules of Criminal Procedure provides a criminal defendant may file a post-conviction petition on the ground "that *the sentence was imposed in violation of the Constitution and laws of the United States* or this state." ARK. R. CRIM. P. 37.1(a)(emphasis added). He did not file such post conviction pleading in state court. The time for filing such a petition pursuant to ARK. R. CRIM. P. 37.1 has expired.

When a § 2254 petitioner has failed to present his claims to the state courts, a federal court must "determine whether the petitioner has complied with state procedural rules governing post-conviction proceedings, i.e., whether a state court would accord the petitioner a hearing on the merits." *McCall v. Benson*, 114 F.3d 754, 757 (8th Cir. 1997). If state procedural rules would prevent the petitioner from obtaining such a hearing, then he is also procedurally barred from obtaining *habeas corpus* relief in a federal court unless he can demonstrate either cause and actual

prejudice, or that a miscarriage of justice will occur if we do not review the merits of the petition. *See id.*

Reves has alleged no facts nor made any claim of being prevented from pursuing relief in state court. Reves would be prevented from proceeding in state court were he to attempt to pursue a Rule 37 petition at this time. He has failed to exhaust his available state court remedies and is thus barred from proceeding here. Pursuant to 28 U.S.C. § 2254 (b) the instant Petition should be dismissed.

Finally, he has alleged no facts nor made any claim showing a fundamental miscarriage of justice. A federal *habeas* petitioner who has procedurally defaulted may be able to proceed if he establishes (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence it is more likely than not that no reasonable juror would have convicted him. *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997). This exception should only be applied in an "extraordinary case." *Id*.

Here Reves alleges no new evidence regarding his actual innocence. He does not claim innocence at all, rather, he attempts to raise an affirmative defense. He makes no allegation that any new evidence would likely result in a finding of not guilty were this case remanded for a trial on the merits. Reves has wholly failed to show that a fundamental miscarriage of justice will occur absent this court granting his *habeas corpus* petition.

**D. Conclusion**:

Reves's claim is not cognizable in a federal *habeas corpus* proceeding. He failed to adequately exhaust his state court remedies. He is procedurally barred by an independent state

procedural rule from now presenting his claims in state court. He has failed to establish "cause" for that procedural default. He has failed to plead or establish that new and reliable evidence exists which tends to show his actual innocence. The Petition filed herein should be DENIED and DISMISSED with prejudice.

**E. Recommendation**:

Accordingly, based on the foregoing, it is recommended that the instant Petition be denied and dismissed with prejudice.[6] I further recommend no Certificate of Appealability issue in this matter.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **8th day of February 2017.**

      /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      U.S. MAGISTRATE JUDGE

---

[6] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*